FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                                    Page 1 of 6
3:07CR114-003LAC -VYACHESLAVE ADOL'FOVICH FINKEL a/k/a Stan Finkel, a/k/a Slava Finkel

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                                    Case # 3:07CR114-003LAC

**VYACHESLAVE ADOL'FOVICH FINKEL**
a/k/a Stan Finkel, a/k/a Slava Finkel

USM # 59429-019

Defendant's Attorney:
**Elizabeth A. Amond (Appointed)**
700 South Palafox Street, Suite 210
Pensacola, Florida 32502

_____   **JUDGMENT IN A CRIMINAL CASE**

The defendant pled guilty to Counts One through Twelve of the Indictment on October 24, 2007. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Visa Fraud (Make False Statements) | September 18, 2007 | One |
| 18 U.S.C. §§ 1546(a) and 2 | Visa Fraud (Making False Statements) | February 21, 2007 | Two through Eleven |
| 8 U.S.C. § 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I) and (a)(1)(B)(i) | Conspiracy to Encourage Aliens to Unlawfully Enter and Reside in the United States | September 18, 2007 | Twelve |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

Counts Thirteen through Twenty-Seven dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
January 9, 2008

s/*L.A. Collier*
LACEY A. COLLIER
SENIOR UNITED STATES DISTRICT JUDGE
January 14, 2008

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*     *Page 2 of 6*
*3:07CR114-003LAC -VYACHESLAVE ADOL'FOVICH FINKEL a/k/a Stan Finkel, a/k/a Slava Finkel*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Twelve Months as to Counts One through Twelve, with Counts to run concurrently one with the other.**

The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to either the United States Marshal for this district or to the institution designated by the Bureau of Prisons on March 3, 2008 by 12:00 noon.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                                                                          Page 3 of 6
3:07CR114-003LAC -VYACHESLAVE ADOL'FOVICH FINKEL a/k/a Stan Finkel, a/k/a Slava Finkel

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three Years as to Counts One through Twelve, with Counts to run concurrently one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                                                                                        Page 4 of 6
3:07CR114-003LAC -VYACHESLAVE ADOL'FOVICH FINKEL a/k/a Stan Finkel, a/k/a Slava Finkel

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall provide the probation officer with access to any requested financial information and report the source and amount of personal and/or business income and financial assets to the supervising probation officer as directed.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant has satisfied all of his financial obligations.

The defendant shall not transfer or dispose of any asset, or his interest in any asset, without the prior approval of the probation officer unless the defendant has satisfied all of his financial obligations.

Any unpaid financial obligations shall be paid in monthly installments of not less than $50.00 per month to commence three months upon release from imprisonment.

  Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

  These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____      _____
**Defendant**      **Date**


_____      _____
**U.S. Probation Officer/Designated Witness**      **Date**

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case* — Page 6 of 6
3:07CR114-003LAC -VYACHESLAVE ADOL'FOVICH FINKEL a/k/a Stan Finkel, a/k/a Slava Finkel

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $1,200.00 | $0 | $0 |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$1,200.00** is imposed and is to be paid immediately. ($100.00 for each of Counts One through Twelve)

No fine imposed.
No restitution imposed.

## FORFEITURE

A Consent Order and Judgment of Forfeiture in the amount of $1,000,000.00 has been entered. This Consent Order and Judgment of Forfeiture is against the defendant, jointly and severally with co-conspirators, Anna Shaulova Czerwien (3:07cr106-001LAC), Justin Eric King (3:07cr114-002LAC) and Alexander V. Berman (3:07cr114-001LAC).